**Chang Mei DAI, Petitioner,**

**v.**

**Alberto R. GONZALES,[1] Attorney General of the United States, The United States Department of Justice, Michael**

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Gonzales is automatically substituted for for-

Chertoff,[2] Secretary of the Department of Homeland Security, The Department of Homeland Security, Respondent.

No. 04–5925–AG.

United States Court of Appeals, Second Circuit.

Feb. 27, 2006.

Douglas B. Payne, New York, New York, for Petitioner.

Chuck Rosenberg, United States Attorney for the Southern District of Texas, Daniel David Hu, Assistant United States Attorney, Houston, Texas, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT D. SACK, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Chang Mei Dai, through counsel, petitions for review of the BIA's denial of his application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA agrees with the IJ's conclusion without rejecting any of the IJ's grounds for a decision, and emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions—or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004). We review questions of law regarding "what evidence will suffice to carry any asylum applicant's burden of proof" *de novo. See Islami v. Gonzales,* 412 F.3d 391, 396 (2d Cir.2005) (quoting *Qiu v. Ashcroft,* 329 F.3d 140, 146 n. 2 (2d Cir.2003)).

Persecution is an extreme concept that does not include all treatment that we regard as offensive. *Ai Feng Yuan v. Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005) (referencing *Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995)). Here, the BIA reasonably held that Dai's arrests and interrogations did not constitute persecution, where he experienced 10 arrests of less than three or four hours each and one briefly-mentioned beating about which he gave no details. Although the IJ overlooked Dai's statement that he had been beaten, the BIA held that the "degree of violence" necessary to constitute persecution was missing from his case.

We also agree that Dai failed to establish that he had a well-founded fear of persecution.

Therefore, Dai is ineligible for asylum or withholding of removal. We do not determine whether Dai qualifies for CAT relief, as he did not bring a CAT claim before this Court. Accordingly, Dai's petition for

mer Attorney General John Ashcroft as respondent in this case.

2. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Secretary of the Department of Homeland Security, Michael Chertoff, is automatically substituted for former Secretary of the Department of Homeland Security, Thomas Ridge, as respondent in this case.

review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DE-NIED. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).